CRAIN, Judge.
Defendant, Eddie Paul Deslatte, Jr., was charged by bill of information with unauthorized entry of an inhabited dwelling and aggravated battery, violations of LSA-R.S. 14:62.3 and 34, respectively. Defendant entered pleas of not guilty and, after trial by jury, was found guilty as charged on both counts. Defendant was subsequently charged, adjudged and sentenced as a Second Felony Habitual Offender. The court sentenced defendant to twelve years at hard labor on each count to run concurrently. He has appealed, urging nine assignments of error. Assignments of error numbers six, seven and eight were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
The record reflects that the instant offenses occurred on November 9, 1990, in *949 Patterson, Louisiana, at the residence of Tanya Nicole Bogan. The victim lived at this location with her youngest sister and their mother, Karen Maria Gobert.
Tanya Bogan testified that, between 9:45 and 10:30 a.m., defendant entered her home and walked into her bedroom while she was alone. Earlier that morning, Gobert had gone to work and had taken her youngest daughter to school; and a door to the house had been left unlocked, which apparently allowed defendant[1] to gain entrance to the home. When defendant walked into Tanya’s bedroom, she was dressed in her nightgown and had just awakened. Tanya, who testified that she did not at any time invite defendant into her house, asked defendant what he was doing there. When defendant told Tanya that he wanted to have sex with her, she answered in the negative and told him to leave. However, defendant did not leave; and Tanya told him that she would call the police. At that point, defendant cut her face with what she described as a silver razor blade[2] and ripped her nightgown. Defendant then left the residence. Tanya telephoned her older sister, Marsha Arton, (who contacted the police) and her boyfriend, Byron Anthony Solar (who went to Tanya’s house). The police arrived at the victim’s home shortly after Solar. When Solar and the police arrived, the victim’s face was bleeding,[3] her gown was torn and she was very upset and crying. Solar took the victim to the Patterson City Police Station where the police took photographs of the victim, State Exhibits S-l and S-2. S-l depicts the cut on the victim’s face; and S-2 depicts what the victim described during her testimony as a mark right above her right breast, which was inflicted when defendant ripped her gown off her.
During his trial testimony, defendant denied that he went to the victim’s home on November 9,1990, and that he cut or physically harmed the victim. Defendant stated that he first learned about the incident on November 10. According to defendant, on the night before the incident, he slept with Jessica, his girlfriend, in Bayou Vista. He got up the following morning at 8:30 a.m. and left home about fifteen minutes later. Defendant then hitchhiked to Morgan City, where he met a friend, Lester Chapman, Jr., at about 10:30 or 10:45 a.m. They talked for about fifteen minutes. Thereafter, defendant hitchhiked back to Bayou Vista.
To corroborate his own alibi testimony, defendant presented the testimony of Chapman. Chapman stated that on November 9, 1990, at about 10:50 or 11:05 a.m., he saw defendant in Morgan City near the Morgan City Bridge and that they engaged in a conversation for about fifteen minutes.
ASSIGNMENTS OF ERROR NUMBERS ONE AND FOUR:
By means of these assignments, defendant contends that the evidence was insufficient to convict him of the instant crimes. Defendant essentially argues that the victim’s testimony lacked credibility and that her testimony standing alone is insufficient evidence to support these convictions.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, *950 448 So.2d 676, 678 (La.1984). The standard has been codified in LSA-C.Cr.P. art. 821.
Initially, we note that the testimony of the victim alone is sufficient to prove the elements of an offense. State v. Orgeron, 512 So.2d 467, 469 (La.App. 1st Cir.1987), writ denied, 519 So.2d 113 (La.1988). As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Gordon, 582 So.2d 285, 292 (La.App. 1st Cir.1991). In finding defendant guilty of the instant crimes, it is obvious that the jury believed the victim’s testimony and rejected defendant’s testimony denying involvement in these crimes and the alibi testimony presented on defendant’s behalf. The credibility of the witnesses’ testimony is a matter of weight of the evidence. A determination of the weight to be given evidence is a question of fact for the trier of fact, not subject to appellate review. State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
After a careful review of the record, we are convinced that any rational trier of fact, viewing all of the evidence in the light most favorable to the state, could have concluded that the State proved beyond a reasonable doubt that defendant was guilty of unauthorized entry of an inhabited dwelling and aggravated battery. Accordingly, these assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment, defendant contends that the trial court erred by denying his motion for new trial in which he claimed that new and material evidence had been discovered since the trial. Defendant attached to his motion an affidavit by Alice Deslatte revealing the nature of the alleged newly discovered evidence. The affidavit stated that Alice was in possession of photographs of defendant, the victim and the victim’s family, which show that the relationship of defendant to the victim and the victim’s family was totally different from and inconsistent with that related through the trial testimony given by the victim, the victim’s mother, and the victim’s sister.
In a motion for new trial based upon the discovery of new and material evidence, the burden is on the defendant to show that the new evidence was not discoverable prior to or during trial and that, if the evidence had been introduced at trial, the new evidence probably would have caused the trier of fact to reach a different verdict. State v. Clark, 558 So.2d 665, 669 (La.App. 1st Cir.), writ denied, 564 So.2d 317 (La.1990). In evaluating whether or not the newly discovered evidence warrants a new trial, the test to be employed is not simply whether another jury might bring in a different verdict, but whether the new evidence is so material that it ought to produce a verdict different from that rendered at trial. State v. Spears, 504 So.2d 974, 979 (La.App. 1st Cir.), writ denied, 507 So.2d 225 (La.1987). The trial court is accorded considerable latitude in evaluating the reliability of evidence and its potential impact on the verdict, and its ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Taylor, 553 So.2d 873, 885 (La. App. 1st Cir.1989), writ denied, 558 So.2d 600 (La.1990).
The record reflects that defense counsel and the prosecutor argued their respective positions at the May 29, 1991, hearing on the motion; and defense counsel did not present any evidence to support the allegations of the motion itself or the affidavit of Alice Deslatte. During the hearing, the trial court observed that the photographs upon which defendant relies are a series of photographs which show the victim and defendant in a close, friendly relationship. The court further noted that it recalled from the trial that this relationship was explored and that evidence of its existence had been introduced. In denying the motion, the trial court noted that it questioned the materiality of the alleged newly discovered evidence and that it found that this evidence does not reach the requisite standard justifying the granting of a new trial, i.e., that the evidence was of *951 such a nature that it would probably produce an acquittal in the event of retrial.
After carefully reviewing the record, we conclude that defendant has failed to meet his burden of showing that the alleged newly discovered evidence was not discoverable prior to or during trial and that, if this evidence had been introduced at trial, it would have caused the trier of fact to reach a different verdict. Hence, we find no abuse of discretion by the trial court in denying the motion. Moreover, consistent with the trial court’s remarks at the hearing on the motion, our examination of the record reveals that the claimed newly discovered evidence was not new evidence because it was cumulative as to an issue fairly disclosed and decided at trial. Cf. State v. Delatte, 506 So.2d 898, 909 (La. App. 1st Cir.), writ denied, 511 So.2d 769 (La.1987).
This assignment lacks merit.
ASSIGNMENTS OF ERROR NUMBERS THREE AND FIVE:
By means of these assignments of error, defendant contends that the trial court erred by denying defendant’s pretrial motion for severance and his motion in arrest of judgment on the basis that trial for unauthorized entry of an inhabited dwelling and aggravated battery violated the constitutional prohibition against double jeopardy. Defendant argues that the trial subjected him to double jeopardy because the offenses arose out of the “same course of conduct.”
A person cannot twice be put in jeopardy for the same offense. United States Const. Amendment 5; La. Const, art. I, § 15; LSA-C.Cr.P. art. 591. The concept of double jeopardy, under both the federal and state constitutions, embodies the dual purpose of preventing both multiple prosecutions and multiple convictions for a single criminal wrong. State v. Cot-ten, 438 So.2d 1156, 1160 (La.App. 1st Cir.1983), writ denied, 444 So.2d 606 (La.1984). As a general rule, double jeopardy bars separate punishment or subsequent prosecution of lesser included offenses once the defendant is convicted of the greater offense. State v. Cotten, 438 So.2d at 1160.
Louisiana Code of Criminal Procedure article 596 provides as follows:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court established the applicable double jeopardy analysis [4] as follows:
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
Blockburger v. United States, 284 U.S. at 304, 52 S.Ct. at 182.
Louisiana also applies the “same evidence” test, which depends upon the proof required to convict, not the evidence actually introduced at trial. If the evidence necessary to support the second charge would have been sufficient to support the former charge, double jeopardy prohibits the second prosecution. Although recognizing both the Blockburger test and the “same evidence” test, the Louisiana Supreme Court in recent years has *952 principally relied upon the “same evidence” test when evaluating double jeopardy claims. State v. Miller, 571 So.2d 603, 606 (La.1990).
Herein, the two offenses for which defendant was convicted do not contain identical elements, nor is either offense a lesser included offense of the other. Unauthorized entry of an inhabited dwelling is “the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person.” LSA-R.S. 14:62.3 A. Aggravated battery is a battery committed with a dangerous weapon. LSA-R.S. 14:34. Battery, as applicable herein, is “the intentional use of force or violence upon the person of another ...” LSA-R.S. 14:33.
Regarding the “same evidence” test, the proof required to convict defendant of the unauthorized entry of an inhabited dwelling consists of evidence of an intentional entry of an inhabited dwelling without consent. On the other hand, the proof required to convict defendant of aggravated battery consists of entirely different evidence, i.e., evidence of the intentional use of force or violence upon the person of another when accomplished with a dangerous weapon.
Accordingly, we do not find that defendant’s convictions for both offenses constituted double jeopardy under either the Blockburger test or the “same evidence” test. Thus, these assignments of error are without merit.
PATENT ERRORS
This Court has discovered error patent on the face of the proceedings which requires us to remand this matter for resen-tencing. See LSA-C.Cr.P. art. 920(2). Following his convictions for the instant crimes, the state filed a multiple offender bill of information charging defendant as a Second Felony Habitual Offender. Defendant was then initially sentenced on May 29, 1991, to concurrent terms of imprisonment at hard labor for six years with credit for time served. Thereafter, defendant was adjudged to be a Second Felony Habitual Offender. At defendant’s multiple offender sentencing, the trial court vacated defendant’s initial sentences and resen-tenced defendant as a Second Felony Habitual Offender for each of the instant convictions, imposing concurrent sentences of twelve years.
Multiple convictions obtained the same day for offenses arising out of one criminal episode should be considered as one conviction for purposes of applying the Habitual Offender Law in sentencing. State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991). Because defendant was convicted on the same day of unauthorized entry of an inhabited dwelling and aggravated battery arising out of one criminal episode, he could be adjudicated and sentenced as a habitual offender on only one of these convictions. Hence, it was erroneous for the trial court to adjudicate and sentence defendant as a habitual offender on both convictions. This error constitutes error patent on the face of the record requiring that the adjudications and sentences be vacated and the case be remanded for resentencing on both counts, with adjudication and sentencing as a habitual offender on only one of the convictions. See State ex rel. Porter v. Butler, 573 So.2d at 1109. Consequently, we do not address assignment of error number nine alleging the excessiveness of the sentences imposed.
We further note an additional error patent on the face of the record. Although the trial court gave defendant credit for time served in accordance with LSA-C.Cr.P. art. 880 in imposing the initial sentences, the court failed to do so when it later vacated those sentences and imposed the erroneous sentences. This failure constituted additional error patent; and, on remand of this case for resentencing, defendant must be given credit for time served as required by LSA-C.Cr.P. art. 880. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990).
In accordance with the views expressed herein, we affirm defendant’s convictions, *953 vacate his multiple offender adjudications and sentences, and remand this matter to the trial court for further proceedings consistent with law.
CONVICTION AFFIRMED; MULTIPLE OFFENDER ADJUDICATIONS AND SENTENCES ARE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

. The victim testified that she knew defendant, that she had initially met him in March of 1990 while working at Wal-Mart in Bayou Vista, and that the two of them had worked at the store for about two or three months.

. Tanya acknowledged during her trial testimony that in State Exhibit S-6, a hand-written statement appearing on a Patterson City Police Department form bearing her signature, the date November 9, 1990, and the time 10:50 a.m., she had indicated that the weapon used by defendant was a "razor or a switchblade.”

.The victim testified that the cut bled "a lot” but that she did not receive any medical attention for it.

. In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the United States Supreme Court expanded the double jeopardy analysis to include the Blockburger test and an additional analysis of the conduct that the state will use at trial to prove the offense which is the subject of the subsequent prosecution.
The applicability of Grady is limited to successive prosecutions; it is not applicable to single prosecutions for multiple offenses in which multiple punishments are imposed, such as here. Grady v. Corbin, 495 U.S. at 515-520, 110 S.Ct. at 2090-2092; United States v. Parker, 960 F.2d 498, 501-502 (5th Cir.1992).