637 So.2d 1173 (1994)
STATE of Louisiana
v.
Milton SEGUE.
No. 92-KA-2426.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1994.
*1174 Harry F. Connick, Dist. Atty., Karen E. Godail, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
Defendant, Milton Segue, was charged by bill of information with simple burglary of an inhabited dwelling, a violation of Louisiana Revised Statute 14:62.2. Following a trial on the merits, a twelve member jury found defendant guilty of the responsive verdict of unauthorized entry of an inhabited dwelling, a violation of Louisiana Revised Statute 14:62.3.
On July 14, 1992, defendant was sentenced to serve six (6) years at hard labor. The state subsequently filed a multiple bill of information charging defendant with being a second felony offender. On July 21, 1992, defendant was adjudicated a second felony offender pursuant to Louisiana Revised Statute 15:529.1. Defendant's original sentence was vacated and defendant was re-sentenced to serve twelve (12) years at hard labor.

FACTS:
On April 24, 1992 at approximately 6:30 a.m. Daniel Miller, who resides at 3667 Metropolitan Street was standing outside on his porch when he observed an unknown male carrying a stereo speaker. Becoming suspicious, Miller went inside his home. Approximately ten minutes later, he returned to his front porch. Miller then saw another unknown male coming out of the garage of his neighbor's home at 3656 Metropolitan Street carrying a bundle wrapped in what appeared to be a sheet or a curtain. This residence was across the street from Miller's home and was owned by Raymond Lewis. When the unknown male saw Miller, he ran from the area. Miller immediately called the police and gave them a clothing description. Officers Michael Smith and Brian Firstly received the dispatch and went to the area. While driving through the Desire Housing *1175 Project, the officers observed defendant. Defendant's clothing matched the description given by Miller. Defendant was carrying a bundle of items wrapped in either a sheet or a curtain. When defendant saw the officers, he dropped the bundle and fled. The officers pursued defendant on foot through the project and eventually apprehended him. The officers then retrieved the bundle which contained a stereo speaker and several bottles of liquor. The officers then drove defendant to Miller's home, where Miller made a positive identification. Raymond Lewis was telephoned by Miller and had returned home. He found his residence completely ransacked. Missing from the residence were three amplifiers, two suits, two pairs of shoes, two televisions, two cameras, an electric razor and several bottles of liquor. His trumpet had been smashed and three speakers which he kept in the den and bedroom were scattered inside the garage and driveway. The back door had been smashed open and the exterior bars bent back. The back window was broken and the curtains were missing. Several items were found stacked around and inside the truck in Lewis' garage. The steering column of the truck was broken.
At trial Lewis testified that he did not know defendant and did not give him permission to enter his home or take his possessions.
Defendant testified that he was in the area to borrow bus fare from his cousin so he could go to work. Two men approached him and offered to sell him a stereo speaker. The police drove up and the men fled. Defendant stated he fled also because he was scared. Defendant admitted he had several convictions for shop lifting. Defendant denied that Miller positively identified him on the scene.
Officer Firstly testified that defendant was alone and holding the bundle when he and Officer Smith approached him. He also corroborated the testimony of Miller that he positively identified defendant at the scene.
Defendant appeals his conviction and sentence asserting:
1) The trial court erred in denying the defense motion for post verdict judgment of acquittal in that the State failed to present sufficient evidence to sustain the conviction;
2) The trial court erred in imposing a constitutionally excessive sentence.

ASSIGNMENT OF ERROR 1:
Defendant asserts the trial court erred by denying his motion for post verdict judgment of acquittal because the State failed to present sufficient evidence to sustain his conviction. We disagree.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987); State v. Fuller, 414 So.2d 306 (La.1982).
Nevertheless, the reviewing court may not disregard its duty to consider whether the evidence is constitutionally sufficient simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. Mussall, supra. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. Mussall, supra. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, supra.
Where the conviction is based on circumstantial evidence, Louisiana Revised Statute 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986). Louisiana Revised Statute 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula, but is merely an *1176 evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
Defendant was convicted of unauthorized entry into an inhabited dwelling, a violation of Louisiana Revised Statute 14:62.3.
LSA R.S. 14:62.3 reads as follows:
"Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person." (emphasis added)
Defendant argues that there was no direct evidence that he entered the dwelling portion of Lewis' home. He further contends that no one identified the property in the bundle as coming from Lewis' home but rather from the garage. Finally, defendant argues that the evidence failed to rule out the possibility that the unapprehended subject ransacked the home and that defendant never entered the dwelling area of the home.
We find no merit in defendant's arguments.
Louisiana Revised Statute 14:62.3 prohibits the unauthorized entry into "any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person." (emphasis added) Thus, if a structure is used as a home, a person may not enter any part of that structure without authorization. See, State v. Harris, 470 So.2d 601 (La.App. 1st Cir. 1985), writ den., 477 So.2d 1123 (La.1985).
In the instant case, Miller testified that he had `no doubt' that defendant was the man he saw carrying a bundle out of Lewis' garage. The bundle contained bottles of liquor and a speaker taken from Lewis' home. Lewis testified that his back window was broken and the curtain was missing. The bundle was wrapped in a sheet or curtain and contained at least one item (the speaker) that was kept inside Lewis' home.
Defendant denied being inside the home. He testified he was in the area which was several miles from his home, to borrow bus fare from his cousin when the two men tried to sell him the speaker. However, he could not remember his cousin's address. Officer Firstly rebutted defendant's claim. Officer Firstly testified defendant was alone when he was observed with the bundle. Even if defendant had only entered the garage, he would still be guilty as a principal. A person is a principal to any crime if he is concerned in its commission and directly or indirectly aids, abets, counsels or procures another to commit it. LSA R.S. 14:24.
Accordingly, the evidence presented was such that any reasonable trier of fact could have found defendant guilty beyond a reasonable doubt.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:
Defendant asserts the trial court erred in denying his motion to reconsider sentence and in imposing a constitutionally excessive sentence.
Defendant was originally sentenced on July 14, 1992 to six (6) years at hard labor, the maximum allowable by law. On July 21, 1992, defendant was re-sentenced pursuant to Louisiana Revised Statute 15:529.1 to serve twelve (12) years at hard labor the maximum allowable by law. On that same day, defendant filed a motion to reconsider sentence pursuant to Louisiana Code of Criminal Procedure Article 881.1. In his motion defendant alleged the sentence is excessive and violates the Louisiana Sentencing Guidelines because the trial court failed to adequately consider the mitigating circumstances under the statutory and sentencing guidelines. The trial court never considered the motion and, as such, it is deemed denied.
In State v. Smith, 639 So.2d 237 (La.1994) the court established an additional standard by which a sentence may be reviewed for appropriateness. The court noted that:
"(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, *1177 (footnote omitted) but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines." at *2.
The sentencing guidelines provide that unauthorized entry of an inhabited dwelling falls in grid level 5 of the crime seriousness level. Defendant had several prior misdemeanor theft convictions adding one point to his criminal history score. La.Sent.Guidelines Subsection 203(3)(b). In addition, defendant has a felony conviction which resulted from an enhanced misdemeanor theft which raises his score an additional point. La.Sent.Guidelines Subsection 203(3)(c). Defendant's prior similar criminal behavior would increase his criminal history score an additional .5 for a total of 2.5. This score places defendant in a class D criminal history index classification. La.Sent.Guidelines Subsection 402(F). Combining the above Grid Level and Criminal History the sentencing range for defendant is twenty-four (24) to thirty-six (36) months. The statutory range for a second offender for defendant's crime is three (3) to twelve (12) years. The trial court imposed the maximum twelve (12) year sentence.
When defendant was initially sentenced on July 14, 1982 the trial court reviewed the facts of the offense noting the severity of this particular crime:
"... You know, I'm not saying I can understand how people can break into other people's houses. I don't understand that. But if you are going to go in there and take something, you walk out and take what you have to take. But you totally demolisheddestroyed this man's house, his property, something he worked for all his life. That was an elderly man...."
We conclude that the trial judge, although not specifically mentioning the guidelines, sufficiently specified the aggravating circumstances to justify a departure from the recommended sentence. We hold that the requirements of Smith supra, have been met.
AFFIRMED.