974 So.2d 79 (2007)
STATE of Louisiana
v.
Marvin A. SMITH.
No. 2007-KA-0744.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 2007.
*80 Eddie J. Jordan, Jr., District Attorney, Battle Bell IV, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
*81 EDWIN A. LOMBARD, Judge.
The defendant/appellant, Marvin Smith, appeals his conviction and sentence for unauthorized entry of an inhabited dwelling. After review of the record in light of the arguments of the parties and applicable law, we affirm the judgment of the trial court.
Relevant Facts and Procedural History
The defendant was charged by bill of information on June 11, 2002, with unauthorized entry of an inhabited dwelling, a violation of La.Rev.Stat. 14:62.3. He pleaded not guilty at his arraignment on June 18, 2002, and, after undergoing competency evaluations, was found incompetent to stand trial. On June 23, 2005, the defendant was found competent to proceed to trial. On August 16, 2006, the following evidence was adduced in the defendant's one-day jury trial.
Mr. Balad Tebo testified that sometime on the day of April 10, 2002, the key to the back door of his residence was stolen. After filing a police report, he engaged a locksmith to re-key the door. Later that evening, at approximately 10:00 p.m., Mr. Tebo answered the front door to find the defendant standing on the porch. The defendant told Mr. Tebo that he knew Mr. Tebo had lost a key that day. Mr. Tebo noticed that the defendant was holding in his hand the key to the back door of his residence and demanded that the defendant return the key. The defendant refused, saying he would only return the key in exchange for $100.00. Mr. Tebo refused to pay the defendant, and the defendant stepped into the Tebo residence. Mr. Tebo blocked the defendant's progression, and the pair began to grapple. The physical confrontation spilled onto the porch and into the front yard as Mr. Tebo and the defendant fell off the porch. During the scuffle, the defendant lost his shirt. As the altercation progressed, one of Mr. Tebo's sons activated the burglar alarm system in the house causing the defendant and an accomplice to flee on a bicycle. Mr. Tebo, accompanied by two neighbors, got into his car and followed the pair, all the while on the telephone advising the police of the location of their pursuit. The police met Mr. Tebo and his neighbors during the chase, and they apprehended the defendant at the intersection of Broad and Washington Avenue. The accomplice escaped. Mr. Tebo made an on-the-scene identification of the defendant.
Mrs. Cecile Tebo, Mr. Tebo's wife, testified that on the night in question, she was upstairs putting two of the couple's three young sons to bed when she heard the doorbell ring around 10:15 p.m. She descended the stairs and saw her husband at the front door talking to the defendant, who was holding a key and demanding money. The conversation escalated into a physical confrontation when the defendant stepped into the Tebo residence. Mr. Tebo pushed the defendant out of the house, and the pair landed in the front yard. When Mrs. Tebo saw the defendant's accomplice hit her husband with a bike, she ran to his aid and jumped on the accomplice's back to prevent any further injury to her husband. The next thing she knew, the house alarm sounded, and the defendant and accomplice left the scene on a bicycle. Mrs. Tebo testified that the defendant lost his striped T-shirt while scuffling with her husband. A short while later, at police request, Mrs. Tebo drove to the area of Broad and Washington Avenue where she identified the defendant as the man who came into her home, scuffled with her husband and rode away on a bicycle.
Mr. Philip Blake, the Tebos' next door neighbor, testified that on the night of April 10, 2002, at about 10:00 p.m., he saw Mr. Tebo fighting with the defendant the *82 Tebos' front yard. When Mr. Blake went to Mr. Tebo's aid, the defendant and an accomplice fled the scene on a bicycle.
The jury found the defendant guilty as charged. Initially sentenced to a six-year prison term, the defendant was adjudged a third offender on March 27, 2007, and resentenced to twelve years at hard labor on March 30, 2007.
Errors Patent/Assignment of Error Number 1
A review for errors patent reveals that the bill of information is not contained in the record. Because the defendant also raises this issue as an assignment of error, we address the matter in conjunction with the first assignment of error.
In his first assignment of error the defendant complains that because the bill of information is missing from the record[1], it cannot be determined that he was apprised he was charged with violating La.Rev.Stat. 14:62.3 or that he presented an appropriate defense. Further, the defendant argues that the State failed to prove the element of "unauthorized entry".
In this case, the record does not support the defendant's claim that he was not apprised of the crime with which he was charged. The docket master indicates the charge as "UNAUTHORIZED ENTRY INHAB DWELL" in violation of La. Rev.Stat. 14:62.3. The record does not indicate any objection or motion alleging that the charges had not been clarified; in fact, the docket master shows that defense counsel waived the reading of the bill of information on June 18, 2002. Moreover, during cross-examination of Mr. Tebo, defense counsel questioned, "I'm sure you understand that unauthorized entry is an element of this offense?" There is no evidence of any objection to the jury charge. Finally, the record indicates the court reporter read the jury verdict, "We the jury, find the defendant, Marvin Smith guilty as charged of unauthorized entry of an inhabited dwelling." Based on the foregoing, there is no question the defense was aware of the charge and did offer a defense.
As to the defendant's claim of insufficiency of the evidence, in accordance with the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the issue before the court is whether the "evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." State v. Neal, 00-0674 (La.6/29/01), 796 So.2d 649, 657 (citing State v. Captville, 448 So.2d 676, 678 (La. 1984)). See also State v. Sykes, 04-1199 (La.App. 4 Cir. 3/9/05), 900 So.2d 156.
La.Rev.Stat. 14:62.3 prohibits "the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person." State v. Wilson, XXXX-XXXX (La.App. 4 Cir. 3/28/07), 956 So.2d 41 citing State v. Nunnery, XXXX-XXXX (La.App. 4 Cir. 12/8/04), 891 So.2d 67. Thus, to show an "unauthorized entry," the State need only prove that any portion of the defendant's body passed the line of the *83 door's threshold. State v. Abrams, 527 So.2d 1057 (La.App. 1 Cir.1988).
At the motion hearing, Mr. Tebo stated that the defendant's "[foot] crossed the threshold" and that the defendant stepped "[a] foot, eighteen inches" into the Tebo residence and, at trial, Mr. Tebo testified that the "[defendant's] foot crossed the door." Further, Mrs. Tebo testified at trial that the defendant came into the house. Accordingly, the unrefuted testimony shows the State proved "unauthorized entry". This assignment is without merit.
Assignment of Error Number 2
In this assignment, the defendant raises a claim of ineffective assistance of counsel. The defendant contends his counsel was ineffective because he (1) waived the defendant's presence at the end of the motions hearing, in violation of La.Code Crim. Proc. art. 831[2]; (2) failed to plead the defendant not guilty by reason of insanity; and (3) failed to object to the chain of evidence with regard to the shirt the defendant wore the night of the incident.
Pursuant to the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to prove ineffective assistance of counsel the defendant must show that counsel's performance was deficient and that he was prejudiced by the deficiency. Counsel's performance is ineffective only when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment and that his deficient performance prejudiced the defendant to the extent that he was deprived of a fair trial. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064. Accordingly, to carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 693, 104 S.Ct. 2052. The defendant must make both showings to prove that counsel was so ineffective as to require, reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992). An "effective counsel" has been defined as "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." State v. Anderson, 97-2587, p. 7 (La.App. 4 Cir. 11/18/98), 728 So.2d 14, 19 (citing, State v. Seiss, 428 So.2d 444 (La.1983)).
*84 Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983).
In this case, the defendant complains that his counsel was ineffective for waiving the defendant's presence at the end of the motions hearing.
The right to be present may be waived by the defendant or by his attorney, or by defendant's voluntary absence or his failure to assert an objection to a discussion held in his absence. State v. Strickland, 94-0025 (La.11/1/96), 683 So.2d 218. Presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only. Therefore, the presence of the defendant is only essential at proceedings which have a reasonably substantial relation to the fullness of the opportunity of the defendant to defend against the charge. State v. Kahey, 436 So.2d 475, 483 (La.1983) (citing Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). No prejudice can result from a defendant's absence from an argument or discussion of questions of law. Kahey, Id.
In this case, the record indicates that defense counsel waived the defendant's presence only after all the testimony at the motions hearing was presented. The only portion of the hearing for which the defendant was not present was a brief colloquy between the judge and the attorneys concerning the whereabouts of a police officer needed as a witness in the case and the trial judge's ruling denying the Motion to Suppress the Identification. None of the discussion which transpired after the defendant left the courtroom bore a "reasonabl[e] substantial relation to the fullness of [his] opportunity . . . to defend against the charge." Kahey, 436 So.2d at 483. Even assuming there was error, in order for the defendant to receive relief, he would have to show his defense was prejudiced by his absence. The defendant has made no such showing.
The defendant next argues that trial counsel was ineffective because counsel did nothing to plead or develop the insanity defense for the defendant, despite an indication of mental illness, including three years of hospitalization. Defendant contends the plea may have negated his culpability or served to mitigate his sentence.
Louisiana law presumes a defendant is sane and responsible for his or her actions. La.Rev.Stat. 15:432. This presumption is rebuttable, however, and the defendant has the burden of establishing the defense of insanity at the time of the offense by a preponderance of the evidence. La.Code Crim. Proc. art. 652.
The defendant in this case has not pointed to anything in the record which shows his inability to tell right from wrong at the time of the offense. However, the docket master in this case indicates that at the time the defendant was arraigned on June 18, 2002, counsel requested a lunacy hearing. The docket master also shows that the judge was aware of the defendant's incompetency, but there are no psychiatric or sanity commission reports in the record. Considering the absence of the foregoing information, the issue cannot be adequately decided based on the present record. The matter should be addressed in a post-conviction proceeding.
*85 Finally, the defendant argues ineffective assistance in counsel's failure to object to the chain of evidence when the State introduced the defendant's shirt. Citing no authority or jurisprudence, nor denying that the shirt was his, the defendant argues that the witnesses' testimony about what he wore at the time of the commission of the offense and his arrest are inconsistent. The defendant points out that Mr. and Mrs. Tebo testified at the motions hearing that the defendant wore a red or yellow shirt. Then the defendant notes that trial testimony indicated that the shirt was striped.
The record indicates that Mrs. Tebo testified at the hearings motion that the defendant's accomplice wore a red shirt while Mr. Tebo told the court the defendant wore a red or yellow shirt. While there is some discrepancy in the testimony regarding the shirt, any confusion is easily explained by the stress of the situation, the fact that the incident occurred at night and that trial was conducted approximately four years after the incident. The discrepancy regarding the color. of the shirt is a minor detail. In fact, when the photograph of the shirt was introduced at trial, there was no comment as to color. Moreover, Mr. and Mrs. Tebo identified the defendant as the person who entered their home and demanded money. The defendant has failed to show any prejudice from counsel's failure to object to the photograph of the shirt. This assignment is meritless.
Assignment of Error Number 3
In a final assignment, the defendant claims the trial court erred in imposing an excessive sentence.
In State v. Smith 01-2574, pp. 6-7 (La.1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court set forth the standard for evaluating a claim of excessive sentencing:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to . . . excessive . . . punishment." (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906. See also State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Batiste, 06-0875 (La.App. 4 Cir. 12/20/06), 947 So.2d 810; State v. Landry, 03-1671 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235.
Id., p. 7, 839 So.2d at 4.
In State v. Batiste, 06-0875 (La.App. 4 Cir. 12/20/06), 947 So.2d 810, this Court further stated:
An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. State v. Landry, supra; *86 State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However, as noted in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, "keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged." State v. Landry, XXXX-XXXX at p. 8, 871 So.2d at 1239. See also State v. Bonicard, 98-0665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
06-0875, p. 18, 947 So.2d at 820.
In imposing the maximum sentence, the trial court noted the defendant's extensive criminal record:
. . . which dates back to juvenile arrests, all for curfew violations, with an adult record that starts in 2000 . . ., felony conviction for simple burglary of a shed . . .; criminal trespass in December of 2000; disturbing the peace in January 2001; criminal trespass in March of 2001; April 27, 2001, . . . felony charge for burglary, where the defendant received a suspended sentence and active probation; and this charge in 2002 . . .
The trial court further stated:
The Court notes for the record that this case involved what I believe to be more than an unauthorized entry of a dwelling because, in fact, the defendant's actions led to a battery on the victim in this case, with more than a battery, a full-fledged struggle, and injury to the victim in this case.
Further the defendant's actions in confronting the victims in this case on their property, although the charge is unauthorized entry, the Court, in its opinion from what it heard at both the motion hearings and at the trial, likens this case on its factual face more to an aggravated burglary.
The Court takes into account that the two prior felony convictions of the defendant also involve burglary felony offenses involving private citizens in their homes, in their dwellings, and the Court finds that any lesser sentence than the one it is about to impose would certainly deprecate the seriousness of this offense, and the Court feels that the sentence that it is about to impose is reflective of what this Court believes to be the defendant's danger to the community, should any lesser sentence be imposed.
The docket master indicates that the trial judge was aware of the defendant's rehabilitation in order to stand trial. The court also considered the fact that the defendant had the audacity to demand $100 for the return of the Tebos key. Though the defendant's action in demanding money for the return of the key may be characterized as less than intelligent, the action does not show an inability to discern right from wrong. The record supports the trial court's sentencing decision.
*87 A conviction of unauthorized entry of an inhabited dwelling carries a maximum sentence of six years, with or without hard labor, and the possibility of a one thousand dollar fine. La.Rev.Stat. 14:62.3. Upon the adjudication of defendant as a third felony habitual offender under La.Rev.Stat. 15:529.1 A(1)(b)(i), the defendant's possible prison sentence exposure was not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. The defendant was sentenced to the maximum of twelve years at hard labor.
In sentencing the defendant, the trial judge opined that from the evidence adduced in the case, the defendant's crime was akin to aggravated burglary because the defendant entered the Tebo residence while the family was present and the defendant battered Mr. Tebo when he refused to pay the defendant. In State v. Martin, 28,489. (La.App. 2 Cir. 8/21/96), 679 So.2d 557, the Second Circuit upheld a twenty five year sentence for a defendant convicted of simple burglary and adjudged a fourth felony offender. In State v. Segue, 92-2426 (La.App. 4 Cir. 5/17/94), 637 So.2d 1173, this Court upheld a twelve year sentence for a second felony offender convicted of unauthorized entry of an inhabited dwelling. See also State v. Deslatte, 610 So.2d 947 (La.App. 1 Cir.1992).
Based upon the facts and jurisprudence, the defendant's sentence is not excessive. This assignment is without merit.
Conclusion
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] At the time the defendant filed his brief, the record did not contain a copy of the bill of information. However, on July 17, 2007, the State moved to supplement the record. By order dated July 20, 2007, this Court granted the motion and offered the defendant an opportunity to file objections to the motion to supplement within ten days of the date of the order. Further, the order granted the defendant fourteen days from the date of the order to file a supplemental brief. The defendant did not object to the supplement nor did he file a supplemental brief.
[2] La.Code Crim. Proc. art. 831 provides:

Presence of defendant when prosecution is for felony
A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
(1) At arraignment;
(2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made;
(3) At the calling, examination, challenging, impaneling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.
B. Nothing in this Article shall prohibit the court, by local rule, from providing for a defendant's appearance at his arraignment by simultaneous audio-visual transmission, except when the defense counsel requests the defendant's appearance in open court.