KNOLL, J.,
dissenting.
hi respectfully dissent from the majority opinion, which reverses the Court of Appeal and reinstates the Trial Court’s conviction of Jerome Bryant, Jr., for aggravated burglary. In my view, the prosecution has not met its burden of proving “beyond a reasonable doubt each element of the offense.” Clark v. Arizona, 548 U.S. 735, 766, 126 S.Ct. 2709, 2729, 165 L.Ed.2d 842 (2006).
A necessary element of aggravated burglary is “the unauthorized entering of any inhabited dwelling.” La.Rev.Stat. § 14:60. At issue in the case sub judice is whether the State presented sufficient evidence, proving beyond a reasonable doubt that Bryant entered Jason Goetz’s home when he kicked open its French doors and fired two shots at Goetz. Our courts follow the common law “threshold rule” to determine if an “entry” has occurred. See e.g., State v. Smith, 07-0744, pp. 4-5 (La.App. 4 Cir. 12/19/07); 974 So.2d 79, 82-83. Under this rule, an entry is accomplished whenever any part of a defendant’s body crosses, even momentarily, the line forming the threshold of a dwelling or other structure. Id.-, 3 Wayne R. LaFave, Substantive *436 Criminal Law, § 21.1(b), pp. 209-10 (2nd ed.200S).
When an appellate court reviews a sufficiency of the evidence claim, it must determine whether, after viewing the evidence in the light most favorable to the 12prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Dorsey, 10-0216, p. 42 (La.9/7/11); 74 So.3d 603, 633. All evidence, both direct and circumstantial, must be sufficient under Jackson to convince a rational fact-finder the defendant is guilty beyond a reasonable doubt. Doresy, 10-0216 at 42, 74 So.3d at 633. After reviewing the evidence in a light most favorable to the prosecution, I find no rational trier of fact could have concluded beyond a reasonable doubt any part of Bryant’s person crossed the doorway’s threshold.
There is no direct or circumstantial evidence that could lead a rational trier of fact to conclude beyond a reasonable doubt that Bryant’s foot or arm crossed the threshold. First, there is no direct evidence proving Bryant physically entered the home. The State’s only direct evidence is Goetz’s videotaped testimony. In this prerecorded testimony, Goetz stated Bryant kicked open the French doors while standing on a step, which was outside, below the doorway, lost and regained his balance, and then fired two shots into the home while standing on the step. However, on both direct and cross examination, Goetz unequivocally testified Bryant never entered the home.[1]
In the absence of any direct evidence establishing an unauthorized entry, the trial judge was free to infer, based on circumstantial evidence “together with a sufficient background of human experience,” that Bryant’s foot, or arm, crossed |sthe threshold of Goetz’s doorway. State v. Chism, 436 So.2d 464, 469 (La.1983) (citing Prosser, Law op Torts, p. 212 (4th ed.1971)). However, the circumstantial evidence presented does not establish beyond a reasonable doubt that the threshold was crossed.
Goetz’s prerecorded testimony contains two demonstrations in which he reenacts how Bryant kicked open the French doors. Even when viewed in a light most favorable to the prosecution, these demonstrations are hardly definitive and do not lead to the necessary inference that some part of Bryant’s body must have crossed the threshold. In both demonstrations, Goetz gives a perfunctory kick in which he does not fully extend his leg. Moreover, each kick is ineffectual and aimed at the bottom, not center, of an imaginary door. After demonstrating Bryant’s kick, Goetz then extends his left arm, mimicking how *437 Bryant held his gun pointed downward at a 45 degree angle.
Admittedly, these demonstrations were given in response to the State’s and defense counsel’s requests for Goetz to demonstrate how and in what direction Bryant was holding his gun. The prosecution, however, failed to ask Goetz any follow-up questions as to how and with what force Bryant kicked the doors. Alternatively, the prosecution could have simply asked Goetz if Bryant’s foot crossed the threshold. See Smith, 07-0744 at 5, 974 So.2d at 83 (unauthorized entry clearly established when victim testified at motion hearing defendant’s “[foot] crossed the threshold” and at trial “[defendant’s] foot crossed the door”). The prosecution similarly failed to ask Goetz if Bryant’s arm crossed the threshold when Bryant extended it and fired two shots into the home.
Absent a definitive visual demonstration by Goetz, the trial judge was free to rely on other circumstantial evidence to infer Bryant’s foot or arm crossed the doorway’s threshold. And indeed this Court and the courts of appeal have often relied on circumstantial evidence to infer an unauthorized entry. State ex rel. Womack v. Blackburn, 393 So.2d 1216, 1220 (La.1981) (entry inferred in attempted simple burglary case based on broken glass and sprung latch inside of a doorway indicating “defendant tampered with the latch”); State v. Schnyder, 06-29, p. 6 (La.App. 5 Cir. 6/28/06); 937 So.2d 396, 400 (“Broken glass on the inside of a residence ... provides circumstantial evidence indicative of unauthorized entry.”); State v. Abrams, 527 So.2d 1057, 1059 (La.App. 1 Cir.1988) (entry inferred in simply burglary case based on footprint on the back of a shelf inside burglarized store).
In this case there is no such circumstantial evidence. In short, nothing in the record would allow a rational trier of fact to infer Bryant kicked the doors with such ferocity his foot would have necessarily crossed the threshold. The prosecution did not ask Goetz if the doors were locked, thereby foreclosing the possibility Bryant kicked them with enough force to break theirs locks. No evidence was introduced that Bryant’s kick broke the doors’ glass or damaged them in any way. Finally, no footprints were recorded on the doors or near the doorway from which the fact-finder could have inferred Bryant’s foot crossed the threshold.
According to the majority, courts in other jurisdictions have inferred an unauthorized entry under similar facts. The cases cited by the majority are unavailing, and, like the jurisprudence from our courts, readily distinguishable. Bryant did not force the French doors open while Goetz struggled to close them. Contra, State v. Pace, 602 N.W.2d 764, 773 (Iowa 1999). Again, the State did not establish the doors were broken or damaged in any way. Contra, Hebron v. State, 331 Md. 219, 627 A.2d 1029, 1037-39 (1993). And none of the doors’ windows were broken. Contra, People v. Roldan, 100 Ill.App.2d 81, 241 N.E.2d 591, 593 (1968).
| ¡(While I am sympathetic to Goetz, a member of our armed forces, and find Bryant’s actions abhorrent, the “constitutional necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless.” Jackson, 443 U.S. at 323, 99 S.Ct. at 2791. Here, the prosecution failed to prove an essential element of aggravated burglary, an “entry,” beyond a reasonable doubt. A simple question or series of questions directed at Goetz could have established that either Bryant’s foot or arm definitely crossed the doorway’s threshold. The prosecution, however, failed to ask these pertinent questions. Accordingly, I must dissent and would *438 affirm the Court of Appeal’s ruling, reducing Bryant’s conviction for aggravated burglary to attempted aggravated burglary.

. I am mindful of the fact Goetz, a chemical operations specialist for the Army National Guard, was unaware of the legal definition of an “entry.” Goetz's layman's understanding of "entry” does not, however, relieve the prosecution from establishing beyond a reasonable doubt Bryant crossed the threshold, thereby satisfying the legal definition of an unauthorized "entry.”
I am also aware that the focus of the preliminary hearing, during which Goetz’ testimony was recorded, was not whether an unauthorized "entry” had occurred. However, knowing Goetz would be deployed to Afghanistan and unavailable for trial, the prosecution should have understood this was its last chance to question Goetz. Once Goetz responded "No, sir” when asked whether Bryant entered his home, it should have become immediately apparent follow-up questions were necessary to establish an unauthorized entry. Knowing Goetz would be unavailable for trial, the need to ask these questions at the preliminary hearing should have been urgent and readily apparent.